Opinion issued February 25, 2011


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court
of Appeals

For The

First
District of Texas

————————————

NO. 01-07-00431-CV

———————————

Brookshire Katy Drainage District, Appellant

V.

The Lily Gardens, LLC, Richard E. Flueckiger and
Kenneth B. Luedecke, Appellees



 



 

On Appeal from the 9th District Court 

Waller County, Texas



Trial Court Case No. 06-08-18415

 



 

 

OPINION CONCURRING IN

THE DENIAL OF EN BANC RECONSIDERATION

 

          I
concur in the denial of en banc reconsideration.  We are constrained to review the outcome of the actual
proceedings in the trial court, where the District brought an action to enforce
its easement rights, and the property owners filed a summary-judgment motion
contending that the District was not legally entitled to the relief it
sought.  Upon the property owners’ filing
of a no-evidence summary-judgment motion, the District was obligated to
“produce summary judgment evidence raising a genuine issue of material
fact.”  Tex.
R. Civ. P. 166a(i).  That may not have
been an insurmountable burden in this case, but it is a burden that the
District failed to meet.

The District did not argue in its response that the bridge
covering could interfere with maintenance and repair of the drainage
canal.  Because the District failed to
make such an argument, the trial court was correct not to deny summary judgment
on that basis, and, more importantly, we cannot reverse on that basis.[1]  Application of the ordinary procedural rules
does not undermine the public policy interests underlying an easement dispute
such as this one, which favor a servient estate maximizing its value to the
full extent possible without unreasonably interfering with the interests of the
dominant estate.[2]  The improvement to the property at issue
obviously serves to maximize the aggregate utility of the dominant and servient
estates, and thus it should not be discouraged for a reason not timely advanced
by the easement owner.

Properly understood, this is a case about application of the
summary-judgment standards, not the application of substantive law pertaining
to easements.  This appeal presents no
legal issue of whether the bridge covering could be considered an obstruction
to maintenance or repair of a drainage canal—that issue was waived because the
District presented the trial court with no argument suggesting that was what
the evidence showed.

 

 

 

                                                                                                                                                                            Michael Massengale

                                                                   Justice

 

A majority of the justices of the Court voted to overrule the
motion for en banc reconsideration.

En banc court consists of Justices Jennings, Keyes, Alcala,
Higley, Bland, Sharp, Massengale, Brown, and Wilson.  Chief Justice Radack
not participating.

Justice Alcala, concurring in the denial of en banc
reconsideration.

Justice Massengale, concurring in the denial of en banc
reconsideration.

Justice Jennings, dissenting from the denial of en banc
reconsideration, joined by Justice Keyes.

Justice Keyes, dissenting from the
denial of en banc reconsideration, joined by Justice Jennings.

Justice Wilson, dissenting from the denial of en banc
reconsideration.

 











[1]
          Tex. R. App. P.
33.1; Tex. R. Civ. P. 166a(c)
(“Issues not expressly presented to the trial court by written motion, answer
or other response shall not be considered on appeal as grounds for reversal.”);
State Farm Lloyds v. Page, 315 S.W.3d
525, 532 (Tex. 2010) (“Summary judgment may not be affirmed on appeal on a
ground not presented to the trial court in the motion.”); McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341
(Tex. 1993) (“[I]ssues a non-movant contends avoid the movant’s entitlement to
summary judgment must be expressly presented by written answer to the motion or
by other written response to the motion and are not expressly presented by mere
reference to summary judgment evidence.”).

 





[2]
          See Restatement (Third) of Property (Servitudes) § 4.9 & cmt. b (2000); see also Severance v.
Patterson, No. 09-0387, 2010 WL 4371438, at *9 (Tex. Nov. 5, 2010) (“Because
the easement holder is the dominant estate owner and the land burdened by the
easement is the servient estate, the property owner may not interfere with the
easement holder’s right to use the servient estate for the purposes of the
easement.”).